IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

KAREN RODRIGUEZ-REYES, *et al.*,

**Plaintiffs,**

v.

CARLOS MOLINA-RODRIGUEZ, *et al.*,

**Defendants.**

**CIVIL NO.** 11-1504 (FAB)

**OPINION AND ORDER**[1]

BESOSA, District Judge.

Before the Court are the motions to dismiss filed by defendants Carlos Molina-Rodriguez ("Molina") and Sonia Rios ("Rios"), (collectively, "defendants") (Docket Nos. 6 & 9), and the plaintiffs' opposition (Docket No. 10).  For the reasons set forth below, defendants' motions to dismiss are **GRANTED.**

DISCUSSION

I.   **Background**

A.   **Facts as Alleged in the Complaint**

Karen Rodriguez-Reyes ("Rodriguez"), Carmen Rivera-Rosado ("Rivera"), Maria Torres-Plaza ("Torres"), Pilar Vega ("Vega"), and Liz Fuentes-Rodriguez ("Fuentes") (collectively, "plaintiffs") are former employees of the Administration of Juvenile Institutions ("AIJ").  (Docket No. 1, pp. 2-3, ¶¶ 4-8.)  Rodriguez, Rivera,

---

[1] Elizabeth Gray, a second-year student at the University of New Hampshire School of Law, assisted in the preparation of this Opinion and Order.

Torres, and Fuentes claim to be well-known affiliates of the Popular Democratic Party ("PDP").  Id. at ¶¶ 4-6, 8.  Plaintiff Vega claims to be a well known affiliate of the Puerto Rico Independence Party ("PIP").  Id. at p. 2, ¶ 7.  The New Progressive Party ("NPP") administration entered office in 2009.  Id. at p. 4, ¶ 14.  The plaintiffs allege that after taking office, the NPP administration "began to dismiss employees and replace them with those affiliated with the NPP or maintained those identified with the party."  Id.  The plaintiffs state that the defendants were aware of the plaintiffs' political affiliations because "they engaged in a witch-hunt scheme to obtain information as to the affiliation of each employee."  Id. at p. 6, ¶ 44.  Specifically, they claim that the "officers began to talk about politics, to ask about everybody's affiliation and even made expressions as to the fact that there would be NPP's [sic] very upset if their [the plaintiffs'] contracts would be renewed."  Id. at p. 7, ¶ 45.

Plaintiff Rodriguez worked for the AIJ from July 2003 until May 30, 2010.  Id. at p. 4, ¶¶ 13, 15.  She had most recently served as a science teacher at the Villalba institution.  Id. at ¶ 16.  Rodriguez alleges that she never received a negative evaluation during her tenure with the AIJ.  Id. at ¶ 17.  Rodriguez claims she was replaced by Jose Colon, a member of the NPP and friend of the President of the NPP.  Id. at ¶ 19.

Plaintiff Rivera worked for the AIJ from July 2003 until May 30, 2010.  Id. at ¶¶ 19, 21.  She most recently served as an elementary "school" teacher at the Villalba institution.  Id. at ¶ 22.  Like plaintiff Rodriguez, Rivera also alleges that she never received a negative evaluation during her tenure with the AIJ.  Id. at ¶ 23.  Rivera claims she was replaced by Marexis Arroyo, who was younger and a member of the NPP.  Id. at p. 5, ¶ 24.  The complaint asserts that Rivera was terminated due to her political affiliation and age.  Id. at ¶ 25.

Plaintiff Torres worked for the AIJ from 1998 until May 30, 2010.  Id. at ¶¶ 26, 29.  She most recently served as a science teacher at the Ponce institution.  Id. at ¶ 31.  Like plaintiffs Rodriguez and Rivera, Torres also alleges that she never received a negative evaluation during her tenure with the AIJ.  Id. at ¶ 30.  Torres claims she was replaced by Rousmarie Borrero, a member of the NPP who joined the AIJ in 2010.  Id. at ¶ 32.  The complaint states that of the two AIJ employees not retained at the Ponce location in 2010, neither was a member of NPP.  Id. at ¶ 33.

Plaintiff Vega worked for the AIJ from 2000 until an unspecified date after 2009.  Id. at p. 6, ¶¶ 34, 36.  She most recently served as a school director.  Id. at ¶ 34.  Vega alleges that she always received "excellent monitorings [sic]" during her tenure with the AIJ.  Id. at ¶ 38.  Vega claims that in 2009 she was informed that all director positions were to be eliminated and

Civil No. 11-1504 (FAB)                                                          4

that she would be appointed to a regional director position.  Id.
at ¶ 36.  She alleges that, instead, an NPP member was appointed as
regional director.  Id. at ¶ 37.  The complaint asserts that Vega
was terminated due to her political affiliation and age.  Id. at
¶ 39.

         Plaintiff Fuentes began working for the AIJ in 2006.
Id. at ¶ 41.  She worked as a physical education teacher at the
Humacao location from 2006 to 2008, and from 2009 to 2010.  Id. at
¶ 41.  Like other plaintiffs, Fuentes alleges that she never
received a negative evaluation during her tenure with the AIJ.  Id.
at ¶ 42.  Fuentes claims that she was not offered a position for
the 2011-2012 school year.  Id.

    **B.   Procedural History**

         On May 31, 2011, the plaintiffs filed a complaint against
defendant Molina, in both his personal and official capacity,
defendant Rios, John Doe 1, and John Doe 2.  (Docket No. 1.)  The
plaintiffs claim that their employment was terminated based upon
their political affiliation.  Id. at p. 1, ¶ 1.  Plaintiffs Rivera
and Vega also allege that they were terminated because of age, in
addition to political affiliation.  Id. at pp. 5, 6, ¶¶ 25, 39.
Plaintiffs bring this action pursuant to 42 U.S.C. § 1983, alleging
violations to their freedom of speech and freedom of association.
Id. at p. 7, ¶ 49.  Additionally, plaintiffs allege violations of
the Constitution of the Commonwealth of Puerto Rico, article 1802

of the Puerto Rico Civil Code, P.R. Laws Ann. Tit. 31, § 5141[2]
("Article 1802") and article 1803 of the Puerto Rico Civil Code,
P.R. Laws Ann. Tit. 31, § 5142[3] ("Article 1803"). Id. at pp. 7, 8,
¶¶ 49, 51.   Plaintiffs seek compensatory and punitive damages,
injunctive relief, and attorney's fees.  Id. at pp. 7-8, ¶¶ 50, 53.

        On August 12, 2011, defendant Molina filed a motion to
dismiss, alleging that plaintiffs failed to state a claim upon
which relief can be granted pursuant to Federal Rule of Civil
Procedure 12(b)(6) ("Rule 12(b)(6)").   (Docket No. 6.)   On
October 24, 2011, defendant Rios also filed a motion to dismiss.
(Docket No. 9.)   The defendants argue (1) that the plaintiffs
failed to establish a prima facie case of political discrimination,
(2) that article 1803 is not applicable to the defendants, and
(3) that the article 1802 and Constitution of the Commonwealth of
Puerto Rico claims have no "cognizable basis for federal
jurisdiction."   (Docket Nos. 6 pp. 12-13 & 9 pp. 12-13.)   On
October 26, 2011, plaintiffs filed an opposition to defendants'

---

        [2] Article 1802 provides that, "A person who by an act or
omission causes damage to another through fault or negligence shall
be obliged to repair the damage so done."  P.R. Laws Ann. Tit. 31,
§ 5141.

        [3] Article 1803 imposes "liability for damages caused by
minor[s], incapacitated person[s], employee[s], agent[s], pupil[s],
or apprentice[s]" and the Commonwealth, arising out of fault or
negligence.  P.R. Laws Ann. Tit. 31, § 5142.

motions to dismiss.[4]   (Docket No. 10.)   Plaintiffs argue that they
have sufficiently provided facts, and not conclusory statements,
which establish a plausible *prima facie* case of political
discrimination.   Id.   The Court will consider each argument in
turn.

## II.   Rule 12(b)(6) Motion to Dismiss Standard

Rule 12(b)(6) allows the Court to dismiss a complaint when it
fails to state a claim upon which relief can be granted.   When
considering a motion under Rule 12(b)(6), a Court must accept the
"well-pleaded facts as they appear in the complaint, extending
[the] plaintiff every reasonable inference in his [or her] favor."
Medina-Claudio v. Rodriquez-Mateo, 292 F.3d 31, 34 (1st Cir. 2002).
"[A]n adequate complaint must provide fair notice to the defendants
and state a facially plausible legal claim."   Ocasio-Hernandez v.
Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).   When faced with a
motion to dismiss, "[a] plaintiff is not entitled to 'proceed
perforce' by virtue of allegations that merely parrot the elements
of the cause of action."   Id. at 12 (quoting Ashcroft v. Iqbal, 129
S.Ct. 1937, 1950 (2009)).   Any "[n]on-conclusory factual
allegations in the complaint [, however,] must . . . be treated as
true, even if seemingly incredible."   Id. (citing Iqbal, 129 S.Ct.

---

[4] In their Opposition to Motion to Dismiss, plaintiffs request
that the Court "allow plaintiffs time to amend the complaint if it
finds that more facts are required."   (Docket No. 10, p. 3.)   The
record does not indicate, however, that the plaintiffs have
requested leave to amend the complaint.

at 1951).  Where those factual allegations "'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility."  Id. (quoting Iqbal, 129 S.Ct. at 1949).  Furthermore, a court may not "attempt to forecast a plaintiff's likelihood of success on the merits; 'a well-pleaded complaint may proceed even if . . . a recovery is very remote and unlikely'."  Id. at 13 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  The relevant inquiry, therefore, "focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint."  Id.

According to Rule 12(b)(6), a court must base its determination solely on the material submitted as part of the complaint or central to it.  Fudge v. Penthouse Int'l. Ltd., 840 F.2d 1012, 1015 (1st Cir. 1988).  Generally, "a court may not consider documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment."  Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001).  "When . . . a complaint's factual allegations are expressly linked to – and admittedly dependent upon – a document (the authenticity of which is not challenged), [however,] that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)."  Beddall v. State St. Bank

Civil No. 11-1504 (FAB)                                                    8

& Trust Co., 137 F.3d 12, 17 (1st Cir. 1998) (internal citation
omitted). This is especially true where the plaintiff has "actual
notice . . . and has relied upon these documents in framing the
complaint." Watterson v. Page, 987 F.2d 1, 4 (1st Cir. 1993).

       The Court will first determine if the plaintiffs have
established a *prima facie* case of political discrimination against
the defendants. Then the Court will evaluate the plaintiffs'
claims brought under Puerto Rico law.

## III. Legal Analysis

### A.    Section 1983

       "Government officials are forbidden by the First
Amendment from taking adverse action against public employees on
the basis of political affiliation, unless political loyalty is an
appropriate requirement of the employment." Ocasio-Hernandez,
640 F.3d at 13. Public employees subjected to such adverse action
may seek to vindicate the violation of their First Amendment right
to political affiliation through a civil action brought pursuant to
section 1983. See id. "The freedom to support a particular
political party is 'integral to the freedom of association and
freedom of political expression that are protected by the First
Amendment.'" Cortes-Reyes v. Salas-Quintana, 608 F.3d 41, 48 (1st
Cir. 2010) (internal citations omitted). "To prevail on a claim of
political discrimination, a public employee must at a minimum show
that she engaged in constitutionally-protected conduct and that

this conduct was a substantial factor in the adverse employment decision." Carrasquillo v. Commonwealth of Puerto Rico, 494 F.3d 1, 4 (1st Cir. 2007).  In order to make that showing and establish a *prima facie* case of political discrimination, a plaintiff must demonstrate:  "(1) that the plaintiff and defendant have opposing political affiliations, (2) that the defendant is aware of the plaintiff's affiliation, (3) that an adverse employment action occurred, and (4) that political affiliation was a substantial or motivating factor for the adverse employment action." Ocasio-Hernandez, 640 F.3d at 13 (citing Lamboy-Ortiz v. Ortiz-Velez, 630 F.3d 228, 239 (1st Cir. 2010)).

Once a plaintiff satisfies those elements, the defendant may attempt to establish the affirmative defense outlined in Mt. Healthy.  429 U.S. 274, 287 (1977).  "A defendant seeking the protection of the Mt. Healthy defense bears the burden of persuasion 'to prove by a preponderance of the evidence that the adverse employment action would have been taken'" regardless of a plaintiff's political affiliation. Rodriguez-Garcia v. Miranda-Marin, 610 F.3d 756, 767 (1st Cir. 2010) (internal citation omitted). "Thus, even if the defendant's actions were motivated in part by the plaintiff's protected conduct, the defendant can still prevail if he or she can show that the protected conduct was not the 'but-for' cause of the adverse action." Id. (Internal

citation omitted).  The Court will now determine if the plaintiffs have sufficiently pled a cause of action against each defendant.

1. **Plaintiffs Fail to Establish a *Prima Facie* Case of Political Discrimination Against Defendant Molina**

i. **Plaintiffs' Suit in Personal Capacity**

Defendant Molina argues that the plaintiffs fail to establish a *prima facie* case of political discrimination. (Docket No. 9.)  The complaint alleges that plaintiffs Rodriguez, Rivera, Torres, and Fuentes are members of the PDP and plaintiff Vega is a member of the PIP, while defendant Molina is a member of the NPP.  (Docket No. 1.)  Furthermore, the complaint establishes that the plaintiffs suffered an adverse employment action because none were rehired.  Id.  The plaintiffs fail, however, to allege sufficiently (1) that Molina was aware of the plaintiffs' political affiliation and (2) that the plaintiffs' political affiliation was a substantial or motivating factor in their termination.  Id.

To support their allegations that defendant Molina was aware of their political affiliation, the plaintiffs claim that (1) the defendants "engaged in a witch-hunt scheme to obtain information" and (2) the administration's "officers began to talk about politics, to ask about everybody's affiliation and even made expressions as to the fact that there would be NPP's [sic] very upset if their contracts would be renewed."  (Docket No. 1, pp. 6-7, ¶¶ 44, 45.)  These statements are not "[a]llegations of discrete factual events" which illustrate Molina's actions.  See

Ocasio-Hernandez, 640 F.3d at 14, 16 ("each defendant's role in the termination decision must be sufficiently alleged to make him or her a plausible defendant."); see also Ramos v. Dept. of Educ. for the Commonwealth of P.R., No. 11-1653, 2012 U.S. Dist. LEXIS 12957, at *26 (D.P.R. Feb. 1, 2012) (prima facie case of political discrimination not established when plaintiffs' complaint did not "indicate one single act or even interaction with co-defendant Lizardi which could be attributable to her or from which a discriminatory animus could even be construed."). Because the plaintiffs are unable to establish that defendant Molina was aware of their political affiliations, they are therefore unable to establish the fourth element, that their political affiliation was a "substantial or motivating factor for the adverse employment action." See Rodriguez-Sanchez v. Municipality of Santa Isabel, 658 F.3d 125, 132 (1st Cir. 2011) (upholding district court's finding that there was not sufficient evidence to "show that the termination decisions were politically motivated" when plaintiffs failed to establish that defendant had knowledge of plaintiffs' political affiliation.). Thus, the Court finds that the complaint, taken as a whole, fails to sufficiently plead a plausible claim of political discrimination by defendant Molina in his personal capacity.

> **ii. Plaintiffs' Suit Against Molina in His Official Capacity**

The plaintiffs also sue Molina in his official capacity for injunctive relief. (Docket No. 1, p. 3, ¶ 9.)  Once a plaintiff's constitutional claims are rejected, however, "he [or she] [is] left without any sound basis for equitable redress." Lopez v. Garriga, 917 F.2d 63, 70 (1st Cir. 1990).  Given that the Court has determined that the plaintiffs have failed sufficiently to plead a plausible claim of political discrimination by defendant Molina in his personal capacity, they have no basis for injunctive relief against him.  See Soto-Padro v. Public Buildings Authority, No. 10-2413, 2012 U.S. App. LEXIS 5144, at *20 (1st Cir. March 12, 2012) ("because the judge . . . correctly tossed the political-discrimination and due-process claims . . . , Soto-Padro has no basis for relief . . . let alone declaratory and injunctive relief.").  As a result, defendant Molina's motion to dismiss the plaintiffs' claims against him, both in his individual and official capacities, pursuant to 42 U.S.C. § 1983, is **GRANTED.**

> **2. Plaintiffs Fail to Establish a *Prima Facie* Case of Political Discrimination Against Defendant Rios**

Defendant Rios argues that the plaintiffs also fail to establish a *prima facie* case of political discrimination against her. (Docket No. 9.)  The complaint presents a plausible claim that defendant Rios was aware of the plaintiffs' political affiliation when it alleges that Rios "actively acquired

information of plaintiffs' political affiliation." <u>See</u> <u>Ocasio-</u>
<u>Hernandez</u>, 640 F.3d at 15 (allegation that "defendants asked
several plaintiffs about the 'circumstances pertaining to how and
why they got to work at Fortaleza'" supported a "reasonable
inference that defendants had knowledge of their political
beliefs."); (Docket No. 1, p. 3, ¶ 10.) Furthermore, the complaint
establishes that the plaintiffs suffered an adverse employment
action because none were rehired. (<u>See</u> Docket No. 1.)   The
plaintiffs, however, fail to allege sufficiently (1) Rios's
political affiliation and (2) that the plaintiffs' political
affiliation was a substantial or motivating factor in their
termination. <u>Id.</u>

        In regard to the first element, the plaintiffs
completely fail to allege that Rios had a political affiliation.
<u>See</u> <u>Feliciano v. P.R. State Ins. Fund</u>, No. 11-1012, 2011 U.S. Dist.
LEXIS 124358, at *31 (D.P.R. Oct. 13, 2011) ("Davila[] does not
satisfy the first prong just as she does not even state the
Defendants political affiliation."). As to the fourth element, the
plaintiffs fail to provide factual allegations that "sustain a
reasonable inference that the plaintiff's political affiliation was
a substantial or motivating factor in the defendants' conduct."
<u>Ocasio-Hernandez</u>, 640 F.3d at 16. The plaintiffs merely allege
that defendant Rios was responsible for hiring decisions, and that
she "actively acquired information of plaintiffs' political

affiliation and has taken adverse employment actions . . . ." See id. ("[section] 1983 liability cannot rest solely on a defendant's position of authority . . . ."); see also Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011) ("some allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.'").  Thus the Court finds that the complaint, taken as a whole, fails sufficiently to plead a plausible claim of political discrimination by defendant Rios.  Accordingly, defendant Rios's motion to dismiss the plaintiffs' claims pursuant to 42 U.S.C. § 1983 is **GRANTED**.

> 3. **Plaintiffs Fail to Establish a *Prima Facie* Case of Political Discrimination Against the Unnamed Defendants**

The plaintiffs fail to establish a *prima facie* case of political discrimination against the unnamed defendants.  See Ocasio-Hernandez, 640 F.3d at 13.  Other than initially mentioning John Doe 1 and John Doe 2 and claiming that they "participated in the discriminatory scheme against plaintiffs," the complaint is devoid of factual allegations indicating any action or knowledge with respect to the political affiliation or discharge of the plaintiffs.  (See Docket No. 1, p. 3, ¶¶ 11, 12.)  While the First Circuit Court of Appeals has permitted a "suit against a fictitious or unnamed party," given the plaintiffs' failure to make specific factual allegations against the unnamed defendants, any claim by

the plaintiffs against those defendants cannot survive.  See
Alvarez-Estrada v. Alemañy-Noriega, No. 10-1065, 2011 U.S. Dist.
LEXIS 61240, at * 13 (D.P.R. June 8, 2011) (finding that claims
against defendants failed because plaintiffs failed to make
"factual allegations regarding any action or knowledge on [the
defendants'] part . . . ."); cf. Martinez-Rivera v. Ramos, 498 F.3d
3, 8 (1st Cir. 2007) (allowing plaintiffs' claim against unknown
defendants when allegations sufficiently pled a violation).

    **B.   Age Discrimination**

         Plaintiffs Rivera and Vega additionally allege that the
defendants discriminated against them on the basis of age.  (Docket
No. 1.)  The plaintiffs do not proceed further with this argument,
failing to provide even a legal basis for their claims.  Id.  Under
the Age Discrimination in Employment Act ("ADEA"), it is "unlawful
for an employer . . . to discharge any individual or otherwise
discriminate against any individual with respect to his
compensation, terms, conditions, or privileges of employment,
because of such individual's age."  29 U.S.C. § 623(a).  Under
federal law, an employee has the burden of proving "that he would
not have been fired but for his age."  Velazquez-Fernandez v. NCE
Foods, Inc., 476 F.3d 6, 10-11 (1st Cir. 2007) (internal citations
omitted).  The statute also provides that employees must exhaust
their administrative remedies by filing a charge of discrimination
with the Equal Employment Opportunity Commission ("EEOC") prior to

pursuing a civil action.  29 U.S.C. § 626(d)(1);[5] <u>Mercado-Garcia v.
Ponce Fed. Bank</u>, 979 F.2d 890, 895 (1st Cir. 1992).  Plaintiffs
have presented no evidence in their complaint that they have filed
an administrative claim or given the EEOC notice of the lawsuit,
and as such, their age discrimination claims are **DISMISSED**.  <u>See
Tapia-Tapia v. Potter</u>, 322 F.3d 742, 744 (1st Cir. 2003) (finding
district court's dismissal of ADEA claim appropriate when plaintiff
failed to exhaust administrative remedies).

### C. The Court Declines Jurisdiction on the Supplemental State Law Claims

Defendants also request that the Court (1) dismiss with
prejudice plaintiffs' claim under article 1803 for failure to state
a claim and (2) dismiss without prejudice plaintiffs' claims under
article 1802 and the Constitution of the Commonwealth of Puerto
Rico for lack of supplemental jurisdiction.  (Docket Nos. 6 & 9.)
Indeed, the jurisdictional basis to maintain those claims in this
Court has been undone by the dismissal of the federal claims.  <u>See
Rosado v. Fondo del Seguro del Estado</u>, No. 008-2264, 2012 U.S.
Dist. LEXIS 16479, at *28 (D.P.R. Feb. 8, 2012) ("the unfavorable
disposition of a plaintiff's federal claims at the early stages of

---

[5] 29 U.S.C. § 626(d)(1) provides in pertinent part that

> "[n]o civil action may be commenced by an
> individual under this section until 60 days
> after a charge alleging unlawful
> discrimination has been filed with the
> Secretary [Commission]."  29 U.S.C. §
> 626(d)(1).

a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims.") (quoting <u>Rodriguez v. Doral Mortg. Corp.</u>, 57 F.3d 1168, 1177 (1st Cir. 1995)). Accordingly, defendants motions to dismiss plaintiffs' claims pursuant to articles 1802 and 1803 of the Civil Code and the Constitution of the Commonwealth of Puerto Rico are **GRANTED** and those claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3).[6]

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** defendant Molina's and defendant Rios' motions to dismiss. Accordingly, plaintiffs' claims pursuant to 42 U.S.C. § 1983 and the ADEA are **DISMISSED WITH PREJUDICE**. Plaintiffs' claims pursuant to articles 1802 and 1803 of the Civil Code and the Constitution of the Commonwealth of Puerto Rico are **DISMISSED WITHOUT PREJUDICE**. Additionally, all claims against unnamed defendants John Doe 1 and John Doe 2 are **DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 29, 2012.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE

---

[6] 28 U.S.C. § 1367(c)(3) provides federal district courts the power to exercise, or decline to exercise, supplemental jurisdiction. <u>See</u> 28 U.S.C. § 1367(c)(3)