## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| KAREN RODRIGUEZ-REYES, *et al.*, <br><br> **Plaintiffs**, <br><br> v. <br><br> CARLOS MOLINA-RODRIGUEZ, *et al.*, <br><br> **Defendants**. | CIVIL NO. 11-1504 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Karen Rodriguez-Reyes ("Rodriguez"), Carmen Rivera-Rosado ("Rivera"), Maria Torres-Plaza ("Torres"), Pilar Vega-Rodriguez ("Vega"), and Liz Katiria Fuentes-Rodriguez ("Fuentes") (collectively, "plaintiffs") are former employees[1] of the Juvenile Institutions Administration ("AIJ"). They claim that defendants Carlos Molina-Rodriguez ("Molina") and Sonia Rios-Russi ("Rios") (collectively, "defendants") discriminated against them on the basis of their political affiliation when the New Progressive Party ("NPP") assumed office in Puerto Rico in early 2009.[2] Plaintiffs allege that after the NPP administration took office, the

---

[1] Rivera was an elementary school teacher; Fuentes a physical education teacher; Vega a math teacher and "Principal Director"; Rodriguez a science teacher; and Torres a custody officer. (Docket No. 97-1 at pp. 1, 3, 6, 8, 9; Docket No. 105-1 at pp. 1, 2, 3 & 5.)

[2] Rodriguez, Rivera, Torres and Fuentes claim to be well-known affiliates of the Popular Democratic Party ("PDP"), and Vega claims to be a well-known affiliate of the Puerto Rico Independence Party ("PIP"). (Docket No. 1 at pp. 2-3.)

Civil No. 11-1504 (FAB)                                              2

administration in the Department of Corrections "began to dismiss employees and replace them with those affiliated with the NPP or maintained those identified with the party." (Docket No. 1 at p. 4.) They thus bring claims for political discrimination pursuant to the First Amendment to the U.S. Constitution; Section 1, Article II of the Constitution of the Commonwealth of Puerto Rico; and articles 1802 and 1803 of the Puerto Rico Civil Code. Id. at pp. 7-8.

Pending before the Court are the motion for summary judgment filed by defendants Molina and Rios (Docket No. 97), and the plaintiffs' response (Docket No. 105). Because plaintiffs have utterly failed to comply with both Federal Rule of Civil Procedure 56 and Local Rule 56(e)'s standards for responding to a motion for summary judgment, they cannot overcome defendants' arguments, and defendants' motion for summary judgment is **GRANTED**.

I.  **Standard of Review**

Summary judgment serves to assess the evidence and determine if there is a genuine need for trial. Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990). The Court may enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The party moving for summary judgment has the initial burden of "demonstrat[ing] the absence of a genuine issue of material fact" with definite and competent

Civil No. 11-1504 (FAB)                                                3

evidence.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994).  It must identify "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any'" which support its motion.  Celotex, 477 U.S. at 323 (citing Fed.R.Civ.P. 56(c)).  Once a properly supported motion has been presented, the burden shifts to the non-moving party "to demonstrate that a trier of fact reasonably could find in [its] favor."  Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000) (internal citation omitted).

It is well-settled that "[t]he mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  "[A] party opposing summary judgment[, therefore,] must 'present definite, competent evidence to rebut the motion.'"  Maldonado-Denis, 23 F.3d at 581 (internal citation omitted).  In making this assessment, the Court must take the entire record in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor.  Farmers Ins. Exch. v. RNK, Inc., 632 F.3d 777, 779-80 (1st Cir. 2011).

This district's Local Rule 56(c) requires a party opposing a motion for summary judgment "to submit with its opposition a separate, short, and concise statement of material facts" that admits, denies, or qualifies the facts supporting the motion for

Civil No. 11-1504 (FAB)                                                    4

summary judgment.  The opposing statement may also propose additional facts, set forth in separate numbered paragraphs and supported by a record citation as required by Local Rule 56(e). Local Rule 56(e) states that:

> [f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted. An assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion.  **The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment.  The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.**

Loc. R. 56(e) (emphasis added).

The First Circuit Court of Appeals has "repeatedly . . . emphasized the importance of local rules similar to [this district's] Local Rule 56." Caban Hernandez v. Phillip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007).  Rules like Local Rule 56 "are designed to function as a means of 'focusing a district court's attention on what is - and what is not - genuinely controverted.'" Id. (quoting Calvi v. Knox Cnty., 470 F.3d 422, 427 (1st Cir. 2006)).  Due to the importance of this function to the summary judgment process, "litigants ignore [those rules] at their peril." Id.

## II. Summary Judgment

### A.   Plaintiffs' Failure to Comply with the Anti-Ferret Rule

In their complaint, plaintiffs claim that defendants discriminated against them by "engag[ing] in a witch-hunt scheme to obtain information as to the affiliation of each employee." (Docket No. 1 at p. 6.)  Specifically, the "officers began to talk about politics, to ask about everybody's affiliation and even made expressions as to the fact that there would be NPP's [sic] very upset if their [the plaintiffs'] contracts would be renewed." Id. at p. 7.  Defendants contend that plaintiffs' allegations of political discrimination have no factual basis, and that because no evidence exists to establish a *prima facie* case, the Court must grant summary judgment.  In support of their motion, defendants attach the full deposition testimony of all five plaintiffs, as well as those of both defendants, and argue that no piece of evidence supports plaintiffs' claims that defendants failed to renew their contracts on the basis of political affiliation. (Docket Nos. 97 to 97-8.)

On May 20, 2014, plaintiffs filed a response in opposition to defendants' motion for summary judgment. (Docket No. 105.)  Simply stated, plaintiffs' motion fails to meet both Local Rule 56 and Federal Rule 56's standards for an opposition to a motion for summary judgment.  The motion is completely devoid of factual allegations, falling unacceptably short of presenting the

type of "definite, competent evidence" needed to rebut defendants' motion.  See Maldonado-Denis, 23 F.3d at 581.  Instead, plaintiffs attach 208 pages of depositions — identical testimony already submitted by defendants in their motion for summary judgment — and claim: (1) that they "have identified" people at the workplace who the defendants used in order to discriminate against the plaintiffs "from afar," and (2) that they "are prepared to call them as witnesses as well as other people with personal knowledge of said agents['] actions on behalf of defendants."  Id. at p. 4.  By not submitting any supporting evidence for those assertions, plaintiffs impermissibly ask the Court to ferret[3] through the record and scrutinize the depositions for genuine issues of fact which may be lurking among the pages.  Although under no obligation to do so, the Court *did* review the 400+ pages of depositions filed in support of the defendants' motion and finds no competent evidence demonstrating that defendants utilized third parties to scope out plaintiffs' political affiliations.  Due to plaintiffs' failure to engage in any type of legal discussion regarding defendants' insufficiency of the evidence argument, the Court is left "to do counsel's work, create the ossature for the argument, and put flesh

---

[3] "All too frequently, litigants before the District Court of Puerto Rico overlook the importance of the anti-ferret rule in the summary judgment stage . . . [Local Rule 56] prevents the recurrent problem of ferreting through the record and the specter of district judges being **unfairly sandbagged** by unadvertised factual issues."  Dominguez v. Eli Lilly & Co., 958 F. Supp. 721, 727 (D.P.R. Mar. 21, 1997) (Laffitte, J.) (emphasis added).

on its bones." U.S. v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). The Court declines to do so, not only because "judges are not expected to be mind-readers," id. at 17, but also because perfunctory arguments deserve little attention when a party engages in lazy lawyering. See Grajales v. P.R. Ports Auth., 897 F. Supp. 2d 7, 12 (D.P.R. 2013) (Besosa, J.).

**B.   Defendants' Burden**

Because the anti-ferreting rule does not shift the parties' respective burdens, a Court may not grant summary judgment unless the moving party is entitled to it. Fed.R.Civ.P. 56(e)(3). In order to prevail, therefore, defendants Molina and Rios must point out an absence of evidence supporting political discrimination. The majority of defendants' statements of material facts do not conclusively demonstrate the lack of evidence regarding their alleged discriminatory animus. Many of the proffered facts do little more than establish that none of the plaintiffs had personal interactions with the defendants sufficient to gain first-hand knowledge of the defendants' discriminatory motives, statements, or actions regarding employees' political affiliations. (See Docket No. 97-1.) Nonetheless, the Court finds that defendants meet their initial summary judgment burden. The parties admit, and several plaintiffs testified, that all of the plaintiffs' contracts at AIJ were transitory, and that many of their positions ended in May at the end of the school year

Civil No. 11-1504 (FAB)                                                    8

regardless of political affiliation.  (Docket No. 97-1 at pp. 1, 3, 6, 8, 9; Docket No. 105-1 at pp. 1, 2, 3, 5).  Furthermore, as indicated above, the Court reviewed the extensive deposition transcripts submitted in support of the parties' submissions and finds no admissible evidence of discriminatory animus.

Each plaintiff in his or her deposition claims to have heard "through the grapevine" that defendants sought out plaintiffs' political affiliations.  (See, e.g., Docket No. 105-2 at pp. 20-21 (deposition of plaintiff Rivera); Docket No. 105-3 at pp. 16-20 (deposition of plaintiff Fuentes); Docket No. 105-4 at pp. 20-24 (deposition of plaintiff Vega); Docket No. 105-5 at pp. 14-19 (deposition of plaintiff Rodriguez); Docket No. 105-6 at pp. 23-25 (deposition of plaintiff Torres)).  Pursuant to the nascent joint pretrial report filed on May 14, 2014, plaintiffs would seek to offer eleven witnesses at trial, many of whom the plaintiffs' depositions reveal are people with first-hand knowledge about defendants' alleged "witch-hunt" for political affiliation information.  See id.; (Docket No. 102 at pp. 29-30.)  In their statement of uncontested material facts, plaintiffs explain that Sonia Alamo, Miriam Monje, Miguel Mora, and Stacy Milan are "available to testify" as to that knowledge.  (Docket No. 105-1 at pp. 2, 4, 5, 6.)  Because plaintiffs do not offer so much as an affidavit or sworn statement from those individuals in support of their submission, however, they have failed to meet their burden in

Civil No. 11-1504 (FAB)                                                9

opposition to defendants' motion.  They have done nothing to put forth more than a trivial, "scintilla of evidence" or to create more than a "metaphysical doubt as to the material facts." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The Court cannot draw any reasonable inference that political discrimination played a role in the non-renewal of plaintiffs' employment contracts.  Accordingly, defendants are entitled to summary judgment.

**III. Conclusion**

Because plaintiffs failed to comply with Local and Federal Rules 56, the Court finds that they have not met their burden of presenting definite, competent evidence to rebut defendants' motion.  Accordingly, defendants Molina's and Rios's motion for summary judgment, (Docket No. 97), is **GRANTED**.  Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.  Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, May 27, 2014.

                                         s/ Francisco A. Besosa
                                         FRANCISCO A. BESOSA
                                         UNITED STATES DISTRICT JUDGE